**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

RYAN ANTHONY HOLL,                    )
                                       )
            Plaintiff,                 )
                                       )  CAUSE NO. 3:18CV1-PPS/MGG
    v.                                 )
                                       )
STATE OF INDIANA, et al.,              )
                                       )
            Defendants.                )

<u>**OPINION AND ORDER**</u>

Plaintiff Ryan Holl, who is representing himself in this matter, filed this action

after he was psychologically evaluated and subsequently detained at the Bowen Center

in Plymouth, Indiana.  In his initial complaint, he alleged that the defendants State of

Indiana, City of Plymouth, Indiana, and Marshall County violated his rights under the

federal constitution, Indiana state constitution, and Indiana state law. Upon the

defendants' motions to dismiss, I dismissed Holl's claims, but I afforded him an

opportunity to amend his complaint. He has since amended his complaint and added

several defendants, including the three individual police officers involved in his

detainment and the Marshall County Sheriff. The defendants once again move to

dismiss Holl's claims – this time with prejudice. For the reasons that follow, I will grant

the defendants' motions.

## Background

I take these facts from Holl's amended complaint. Holl alleges that, on September 1, 2017, he was surrounded by two police officers and a sheriff patrolman at his childhood home. These officers he learned were Officer Weir, Detective Magnus, and Patrolman Giordano. Patrolman Giordano works for the Marshall County Sheriff's Department, and Officer Weir and Detective Magnus work for the City of Plymouth. [DE 51 at 3-4.] His hands were cuffed behind his back and his possessions were taken from him. [DE 51 at 1.] Holl inquired as to why he was being detained, but he was not told why. He was transported in a sheriff's vehicle, but he was not read his *Miranda* rights, nor was he provided any reason for his being detained. [*Id.*]

These events appear to have been preceded by a court order to detain Holl. [*See id.*] Holl alleges that Judge Palmer signed an order to detain him and that Holl requested a copy of the court order and tried to get a court date, but he was not successful because he was told that the hospital was to provide the relevant documents. [*Id.*] Holl continued to ask for documents so that he could appear in front of a judge, but he was repeatedly denied access. [*Id.* at 2.]

Holl filed a complaint against the State of Indiana, City of Plymouth, and Marshall County, alleging that these events violated a multitude of constitutional provisions and state law.  Holl's initial complaint also contained significantly more factual detail, including that Holl was ultimately detained at the Bowen Center pursuant to Indiana Code 12-26-5-1. [DE 1 at 11.] This statute provides that mentally ill,

dangerous individuals may be detained in a facility for not more than 72 hours if certain conditions are met. The officers Weir, Giordano, and Magnus appear to have been the ones to transport Holl to the Bowen Center.

The defendants all moved to dismiss. I granted the defendants' motions and dismissed Holl's claims without prejudice. [DE 42.] Although Holl had not stated a claim as his complaint was pled, I indicated that he could amend his complaint to address some deficiencies in the way he had pled his claims. So I afforded him an opportunity to do just that. There was another thing about Holl's filings. They were littered with abusive and offensive language which, in my opinion, came "dangerously close to constituting an abuse of the judicial process." [DE 42 (citing DE 20, 21, 22, 25, 28, 31, 32, 34, 35, 36, 37, 39, 40, 41.] I warned Holl that he needed to stop filing abusive and offensive documents.

Regrettably, Holl ignored my warning as his amended complaint is replete with abusive and offensive language. For starters, here's how his amended complaint is titled: "Holl Amended Complaint - SUMMARY OF EVENTS for JUDGE PHIL," and by "Judge Phil," he means me. [DE 61.] The substance of the amended complaint gets worse.[1] I won't belabor the point, but for example, Holl's amended complaint includes a

---

[1]Due to deficiencies with his amended complaint, the Magistrate Judge ordered Holl to file an amended verison of his amended complaint. [DE 52.] Holl did file an amended version as directed, but he submitted only the first page. Although I am not required to, I have pieced together Holl's two versions of his amended complaint in order to address the substance of his amended complaint. [*See* DE 51, 61.]

"notice of psychiatric referral" for me and states that he is contacting the Hammond Police Department to refer me for emergency detainment. [DE 51 at 6.]

**Analysis**

In reviewing a motion under Rule 12(b)(6), I "'must accept as true all of the allegations contained in a complaint' that are not legal conclusions." *Toulon v. Continental Casualty Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must be construed in the light most favorable to Holl, and all possible inferences must be drawn in his favor. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Boucher v. Finance Sys. of Green Bay, Inc.*, 880 F.3d 362, 365-66 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility" does not require "probability," but "more than a sheer possibility that a defendant has acted unlawfully" is required to survive a challenge under Rule 12(b)(6). *Id.*

Moreover, Holl is proceeding without an attorney. A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As an initial matter, Holl's amended complaint seemingly assumes that the Court has already read and considered his initial complaint. Much of the factual detail

contained in the initial complaint is omitted from the amended complaint, and it is difficult to understand the facts as alleged in the amended complaint without reference back to the initial complaint. What's more, the properly filed amended version of his amended complaint – the one that properly names all of the defendants and is signed by Holl – actually contains only the first page of the amended complaint that Holl previously filed. [*Compare* DE 61 *with* DE 51.]

Such piecemeal attempts at amendment are not permitted. "When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward ... a plaintiff's new complaint wipes away prior pleadings." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). The first complaint is rendered void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Nonetheless, I have done my best to interpret – as liberally as possible - what claims Holl appears to be asserting against all possible defendants. But even under the most liberal construction of Holl's complaint, he still fails to state a claim.

First, Holl brings claims against the State of Indiana. He says that Indiana Code 12-26-5 is unconstitutional at the state and federal level. He also seems to take issue with the state's policy of "deny[ing] access to legal representation due to a medical treatment plan." [DE 51 at 3.] To the extent that Holl argues the Indiana law violates the federal constitution, he is asserting a claim under 42 U.S.C. § 1983.

However, as I explained in my initial opinion, the "Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception

of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Congress did not abrogate the states' Eleventh Amendment immunity when it enacted Section 1983, and Indiana has not consented to this suit. *See Moore v. Indiana*, 999 F.2d 1125, 1128-29 (7th Cir. 1993). Therefore, the Eleventh Amendment bars this suit.

I afforded Holl an opportunity to amend his complaint, and I specified in great detail how he could still bring his claims by naming individuals, rather than the State of Indiana. Holl has not done this despite explicit instructions telling him how. He has given me no reason to think that future attempts at amendment will be worthwhile. Thus, his claims under the federal constitution against the State of Indiana are dismissed with prejudice.

Holl's claims for damages against the State of Indiana arising under the Indiana constitution were already previously dismissed with prejudice because there is no private right of action under Indiana state law that is analogous to Section 1983.

Holl's claims for injunctive relief under the Indiana constitution were dismissed because he had not alleged that he was likely to ever be subjected to the same conduct by the State of Indiana. I gave him a chance to amend his complaint to attempt to plead that there was a likelihood that he will be harmed by the defendants' misconduct in the future and that his injury will be redressed by injunctive relief. [DE 42 at 9-10 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))]. In his amended complaint, Holl

concedes this point and says that the law "will likely never impact Mr. Holl ever again in his life because he no longer resides in the state and likely will never seek psychiatric services ever again in his entire life." [DE 51 at 3.] Because Holl expressly acknowledges that there is no likelihood of future injury, his claims against the State of Indiana for injunctive relief under the state constitution must be dismissed with prejudice.

Holl continues to assert claims against Marshall County, despite it having no agency relationship with the Marshall County Sheriff's Department. Rather than challenging the actions of the officers this time, however, he now says that he is challenging the policy of the Marshall County Circuit court system to not provide a way for individuals detained to petition the court system for a trial. In making this argument, Holl is attempting to allege *Monell* liability, which I explained in my initial opinion, was required in order to assert a 1983 claim against a governmental entity.

A governmental entity is liable under Section 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Holl can establish municipal liability under Section 1983 by pleading that the constitutional violation was caused by: (1) an express policy; (2) a widespread practice that, "although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) a person with final policymaking authority. *Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997).

Holl's claim fails because he acknowledges that there is some procedure available to him to petition the court system. In particular, he says that there is an official policy for the hospital to provide a form and that this form would allow him to petition the courts while he was being detained. Holl indicates that it was the Bowen Center that violated this policy by refusing to provide him with the form. [DE 51 at 4.] Thus, his allegations are actually directed towards the Bowen Center, which didn't provide him with the form and which is not a party to this lawsuit. In other words, he really is challenging the Bowen Center's decision not to provide him with the procedure for petitioning the courts in violation of an existing policy – a policy that he does not challenge.  It is not the case that any policy of Marshall County's caused his alleged constitutional violation.

Holl next appears to bring claims against the City of Plymouth. However, in this section of his amended complaint, he refers only to his claims against Officer Weir and Detective Magnus, two employees of the City of Plymouth. It therefore appears to me that Holl does not intend to bring claims against the City, but rather he intends to pursue his claims against the individual officers.

Even if he does intend to bring claims against the City, Holl has not indicated what policy or widespread practice caused his constitutional violation. Without pointing to an express policy, a widespread practice that essentially constitutes a custom or usage with the force of law, or a person with final policymaking authority, *see Roach* 111 F.3d at 548, Holl cannot state a claim under Section 1983 against the City.

Next, Holl has amended his complaint to add the Marshall County Sheriff's Department to this lawsuit. However, his allegations relate solely to the actions of Patrolman Giordano. Indeed, this entire section of his complaint is directed at Patrolman Giordano and does not allege any wrongdoing on the part of the sheriff's department.

Assuming that Holl does intend to bring claims against the Marshall County Sheriff's Department, he would then be suing a governmental entity. As was the case with the City and County, Holl has made no attempt to argue that an express policy, a widespread practice, or a person with final policymaking authority caused the constitutional violation he allegedly suffered. Therefore, the claims against the Marshall County Sheriff's Department are dismissed with prejudice.

Holl's last claims are against the individual police officers who were involved in his detention and transportation to the Bowen Center. He claims that they failed to read him his *Miranda* rights, did not provide him with a copy of the detention order, and did not give him their business cards. But there is no constitutional right to get a copy of a detention order or a police officer's business card. It's not at all clear what constitutional right either of these actions would invoke.

Failure to read Holl his *Miranda* rights also is not actionable in this case. A *Miranda* violation provides a ground for liability under Section 1983 only when the suspect's statements are used against him in a "criminal case." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1024 (7th Cir. 2006). That is because *Miranda* "created

prophylactic rules designed to safeguard the core constitutional right protected by the Self-Incrimination Clause," namely that "[n]o person ... shall be compelled *in any criminal case* to be a *witness* against himself." *Id.* at 1024 (quoting *Chavez v. Martinez*, 538 U.S. 760, 766, 770 (2003)). Thus, a "criminal prosecution must at least be initiated to implicate a suspect's right against self-incrimination." *Id.* at 1026. Here, the absence of a criminal case in which Holl was compelled to be a witness against himself defeats his claims for damages. *See id.* at 1024.

In any event, Holl says that he no longer is seeking damages against any of the officers. He wants only an apology. Despite having substantial equitable powers, it's not clear to me that I have the authority to order the defendants to make a statement that may contravene their beliefs. But even assuming I have that authority, I decline to do so. It would do little to remedy any perceived wrong. Moreover, as the Ninth Circuit has noted when faced with a similar question, the courts "are not commissioned to run around getting apologies." *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974).

## Conclusion

Based on the foregoing, the defendants Marshall County and City of Plymouth's Motion to Dismiss [DE 47] is GRANTED.

The defendant State of Indiana's Motion to Dismiss [DE 44] is GRANTED.

Plaintiff Ryan Holl's claims are DISMISSED WITH PREJUDICE.

**SO ORDERED**.

ENTERED: October 11, 2018.

s/     Philip P. Simon _____
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**